

NUMBER 13-18-00361-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRED HOFFMAN,                                                    Appellant,

v.

SGT. JAVIER MURO, ET AL.,                                        Appellees.

### On appeal from the 343rd District Court of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Fred Hoffman is an inmate housed in the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID) at the McConnell Unit in Beeville, Texas. Hoffman brought suit pro se and *in forma pauperis* against multiple defendants employed by TDCJ—ID for breach of contract, conversion, conspiracy, retaliation, replevin, detinue, bailment, vicarious liability, and various claims under 42 U.S.C. § 1983. The trial court

dismissed Hoffman's claims with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. By five issues, Hoffman argues that the trial court erred by: (1) dismissing his case (issues one, four, and five); (2) failing to hold an oral hearing on his motion to reinstate (issue two); and (3) failing to file findings of fact and conclusions of law (issue three). We affirm.

## I. BACKGROUND

On November 27, 2017, Hoffman filed suit against Javier Muro, Jonathan Montoya, Miguel Martinez, and the TDCJ—ID. In his petition, Hoffman alleged that when he suffered a serious seizure on May 14, 2017, Muro and Montoya "took[,] . . . irreversibly damaged and/or lost" his property, including a typewriter, I.D. card, legal materials, and stamps. According to Hoffman's affidavit, on May 18, 2017, Hoffman filed a step one grievance, which was returned to him on August 24, 2017. On August 28, 2017, Hoffman filed a step two grievance, which was returned to him on November 10, 2017.

On December 21, 2017, notice was sent to the parties that the case was being assigned to an associate judge. Even though they do not appear in the record, Hoffman asserts that he filed multiple objections to the use of an associate judge in this case. On February 26, 2018, the Office of the Attorney General filed an amicus curiae advisory asking the court to dismiss the case; the amicus brief alleged that Hoffman's claims were barred by sovereign immunity and that Hoffman failed to properly exhaust all administrative remedies. Later that day, the associate judge dismissed Hoffman's claims with prejudice for failure to comply with Chapter 14 and found that Hoffman was not indigent. Hoffman filed a motion to reinstate the case. On April 16, 2018, Judge Janna

2

Whatley reinstated the case, removed the associate judge from the case, and "set[] The Attorney General Office's Amicus Curiae Chapter 14 motion for consideration by submission" for May 21, 2018. The trial court emphasized that all "pleadings, briefs, and written arguments that the parties want the Court to consider must be filed by that date" because no oral arguments would be heard. On May 25, 2018, Judge Whatley dismissed all of Hoffman's claims for failure to comply with Chapter 14 and found that Hoffman was not indigent. *See id*. §§ 14.003–.005. Hoffman requested findings of fact and conclusions of law; the trial court did not respond to Hoffman's request. This appeal ensued.

## II. CHAPTER 14 DISMISSAL

In his fourth and fifth issues, Hoffman argues that the trial court abused its discretion by dismissing his claims when he had presented sufficient evidence to support his claims. In his first issue, Hoffman asserts that the trial court abused its discretion by dismissing his claims even though the record did not contain his brief.

## A. Issues Four and Five

### 1. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Jackson v. Tex. Dep't of Criminal Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, the specific issue of whether there is an arguable basis in law is reviewed de novo. *See Moreland*, 95 S.W.3d at 394.

**2. Applicable Law**

Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *Gross v. Carroll,* 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

A trial court can dismiss an inmate's suit pursuant to Chapter 14 on any number of grounds. *See Gross*, 339 S.W.3d at 723. For example, the trial court can dismiss the inmate's suit if the trial court determines that: (1) the allegation of indigency is false; (2) the claims are frivolous or malicious; (3) the inmate failed to exhaust administrative remedies through the grievance system; or (4) the inmate failed to file suit within thirty-one days of receiving a written decision from the grievance proceeding. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003(a)(1), (2), 14.005(b); *Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).

A trial court may dismiss a claim as frivolous or malicious under Chapter 14 based on the following factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *Hamilton*, 298 S.W.3d at 339. "A claim has no

arguable basis in law if it relies upon an indisputably meritless legal theory." *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.) (quoting *Hamilton*, 298 S.W.3d at 339). Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct. *See Fernandez*, 341 S.W.3d at 13. However, if the claim has no arguable basis in law, then dismissal with prejudice is proper. *Id.*

### 3. Analysis

In his fourth and fifth issues, Hoffman argues that the trial court erred by dismissing his claims because he presented sufficient evidence to support his claims. Hoffman's claims against the defendants are all based on the allegation that his personal property was taken, damaged, or lost by the TDCJ—ID employees. Under Section 101.106 of the Texas Tort Claims Act (TTCA),

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). In other words, a suit is completely foreclosed against a government employee in his individual capacity if he is acting within the scope of his employment. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In *Franka*, the court held that a case is considered against an employee within his or her official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the TTCA against the agency. *See id.*

5

Hoffman admits that all of the individual defendants are employees of a governmental unit. *See Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). As to the second *Franka* prong, the TTCA defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task." *Lopez*, 414 S.W.3d at 894. Because it is not disputed that it was within the defendants' job duties to confiscate property, we find it clear from the record that the defendants were acting within the scope of their employment. *See id.* (finding that the TDCJ—ID employees were acting within the scope of their employment where the inmate alleged that the defendants committed theft by taking money from his inmate trust fund account); *see also Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004).

We also conclude that the third *Franka* prong is satisfied. In *Franka*, the court "held that if a state employee is alleged to have committed negligence or other 'wrongful conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency." *Lopez*, 414 S.W.3d at 895. This applies to both unintentional torts, such as negligence, and intentional torts, such as theft. *See id.* (holding that a suit for theft against TDCJ—ID employees satisfied the third *Franka* prong). Thus, Hoffman's suit is subject to 101.106(f); his suit is against the defendants in their official, not individual, capacities; and the defendants would have been able to have the case dismissed against them and have Hoffman name TDCJ—ID as the

6

sole defendant. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106."); *Lopez*, 414 S.W.3d at 895.

The TTCA provides the following narrow waiver of immunity:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Hoffman's claims do not fit into this waiver of immunity because they do not arise from the use of a motor-driven vehicle and they were not caused by the use of tangible property. *See id.* Thus, Hoffman's remaining claims against the TDCJ—ID would be barred by sovereign immunity, and the trial court could find Hoffman's suit frivolous. *See id.*; *Lopez*, 414 S.W.3d at 896 (observing that inmate's suit for theft against TDCJ—ID employees would be barred by sovereign immunity because "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the [TTCA] expressly does not waive immunity for intentional torts"); *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 WL 3906395, at *1 (Tex. App.—Corpus

Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.) (noting that a case barred by sovereign immunity has no arguable basis in law and renders a lawsuit frivolous under Chapter 14).

We also note that on appeal, Hoffman does not challenge the trial court's finding that he is not indigent. This ground alone is sufficient to support dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(1); *Donaldson v. Tex. Dept. of Criminal Justice-Corr. Insts. Div.*, 355 S.W.3d 722, 725 (Tex. App.—Tyler 2011, pet. denied). Therefore, the trial court did not abuse its discretion in dismissing Hoffman's suit because Hoffman has not challenged every ground that supports dismissal. *See Gross*, 339 S.W.3d at 723 (affirming dismissal of an inmate's suit when the trial court dismissed on three separate grounds, but the inmate only challenged two of the grounds on appeal). We overrule Hoffman's fourth and fifth issues.

## B. Issue One

In his first issue, Hoffman argues that the trial court erred by dismissing his claims without considering a brief he allegedly filed in response to the Office of the Attorney General's motion to dismiss

### 1. Standard of Review and Applicable Law

Generally, an objection must be timely raised before the trial court to be preserved for appeal. *See* TEX. R. APP. P. 33.1. And appellate courts are not generally allowed to consider exhibits that are not part of the appellate record. *See Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.).

8

In civil cases, reversible error occurs when the complained-of error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting its case on appeal.  *See* TEX. R. APP. P. 44.1.

**2. Analysis**

Hoffman alleges that on May 2, 2018, he filed his brief to be considered at the May 21, 2018 hearing on the motion to dismiss pursuant to Chapter 14.  The trial court signed the order of dismissal on May 25, 2018.  A week later, Hoffman filed a request for findings of fact and conclusions of law.  On June 20, 2018, Hoffman filed his notice of appeal.

Hoffman does not explain how the trial court abused its discretion by dismissing his claims, even though his brief that he allegedly filed was not before the court.  Trial courts have broad discretion in dismissing an inmate's case under Chapter 14 for a number of reasons, either before or after service of process.  *See Retzlaff*, 94 S.W.3d at 653.  Hoffman has not informed us what was in his brief or how it would have changed the outcome below.  Without having the brief he allegedly filed before us, we cannot decide whether it was properly sent or what impact it could have possibly had.  *See Robb*, 417 S.W.3d at 589.  Nevertheless, the trial court had Hoffman's motion to reinstate and his original objection to the associate judge's dismissal of his claims, both of which lengthily detailed his arguments as to why his suit had merit and should not be dismissed.  Given that Hoffman was able to adequately present his arguments to the trial court and the trial court's broad discretion in dismissing a suit under Chapter 14, we fail to see how the trial court abused its discretion.  We overrule Hoffman's first issue.

### III. ORAL HEARING ON MOTION TO REINSTATE

9

In his second issue, Hoffman argues the trial court abused its discretion by not holding an oral hearing on his motion to reinstate.

Assuming the trial court's failure to hold a hearing was error, we conclude the error was harmless. *See* TEX. R. APP. P. 44.1. We have already concluded above that Hoffman's claims would be barred by sovereign immunity, meaning that holding an oral hearing would not have changed the outcome. *See id*. Additionally, the trial court found Hoffman to not be indigent, and he does not challenge that finding on appeal. Furthermore, Hoffman's motion to reinstate offered no new arguments, and contained no additional or newly discovered evidence. *See Curnutt v. ConocoPhillips Co.*, 508 S.W.3d 641, 645 (Tex. App.—El Paso 2016, no pet.) (concluding that the trial court's failure to hold an oral hearing was harmless error because the motion to reinstate contained no new arguments and simply restated previous arguments). Therefore, we cannot conclude that the failure to hold an oral hearing on the motion to reinstate probably caused the rendition of an improper judgment or prevented a proper presentation of the case on appeal. *See* TEX. R. APP. P. 44.1. We overrule Hoffman's second issue.

### IV. FAILURE TO FILE FINDINGS OF FACT

In his third issue, Hoffman argues that the trial court erred by failing to file findings of facts and conclusions of law. However, a court has no duty to file findings of facts and conclusions of law when a case is dismissed pursuant to Chapter 14. *See Retzlaff*, 94 S.W.3d at 655; *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ); *see also Burks v. Lehmberg*, No. 13-16-00382-CV, 2016 WL 6519112, at *2 (Tex. App.—Corpus Christi–Edinburg Nov. 3, 2016, pet. denied) (mem. op.). We overrule Hoffman's third issue.

10

## V. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
20th day of June, 2019.