

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00839-CV

Gonzalo Artemio **LOPEZ**,
Appellant

v.

Lydia **SERNA**, et al., in their Individual Capacities,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 12-03-00045-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  September 25, 2013

AFFIRMED

Appellant Gonzalo Artemio Lopez, an inmate, filed suit against two Texas Department of Criminal Justice ("TDCJ") correctional officers, Lydia Serna and Gregory Galan.  After a hearing, the trial court dismissed Lopez's claims under Chapter 14 of the Texas Civil Practice and Remedies Code ("CPRC").  On appeal, Lopez contends the trial court erred in dismissing his claims because: (1) his theft claims, arising out of property confiscation, are not subject to section 101.106(f) of the Texas Tort Claims Act as interpreted by the Texas Supreme Court in *Franka v. Velasquez*; and

(2) his claims are not frivolous even if they may ultimately be barred by sovereign immunity. We affirm the trial court's judgment.

## BACKGROUND

On December 14, 2011, Officers Serna and Galan conducted a search of Lopez's cell and confiscated chess books, a yoga magazine, and other reading materials. Officer Serna filled out paperwork documenting the property confiscation and left it for Lopez in his cell. Officer Serna stated the reason for the property confiscation was because she had reason to question Lopez's ownership of the confiscated materials. Lopez filed a grievance through TDCJ's administrative system. Lopez then filed suit against Officers Serna and Galan, alleging they were liable for theft under the Texas Theft Liability Act. Lopez filed an affidavit of inability to pay costs, and submitted additional documents required under Chapter 14 of the Civil Practice and Remedies Code.[1]

The trial court sent notice of the suit to the Attorney General requesting *amicus curiae* briefing on whether Lopez complied with Chapter 14's requirements. The notice requested the Attorney General seek authority to represent Officers Serna and Galan, and answer on their behalf. The Attorney General submitted its Chapter 14 *amicus* brief to the trial court, arguing Lopez's claims should be dismissed because they would ultimately be barred by the officers' motion to dismiss under section 101.106(f) of the Texas Civil Practice & Remedies Code, as interpreted in *Franka v. Velasquez*, and TDCJ's subsequent assertion of sovereign immunity.

Following a hearing, the trial court signed a final judgment dismissing Lopez's claims under Chapter 14, specifically section 14.003(b)(1), which provides that an inmate's suit may be

---

[1] In his First Amended Petition, Lopez added two defendants, G. Calvin W. Davis and Cheryl Lawson, following the hearing on his Chapter 14 motion. The same arguments made on behalf of Officers Serna and Galan apply to the two other defendants, who were admittedly working in the course of their employment.

dismissed if "the claim's realistic chance of ultimate success is slight." Lopez thereafter filed a motion for new trial, which the trial court denied. He then perfected this appeal.

## ANALYSIS

On appeal, Lopez contends the trial court erred in dismissing his claims because: (1) his theft claims, arising out of property confiscation, are not subject to section 101.106(f) of the Tort Claims Act as interpreted in *Franka v. Velasquez*; and (2) his claims are not frivolous even if they may ultimately be barred by sovereign immunity.

### *Standard of Review*

This court reviews a trial court's dismissal of an inmate's claim under Chapter 14 for an abuse of discretion. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When, as here, the trial court dismisses a claim without conducting a fact hearing, the issue on appeal is whether the claim had no arguable basis in law. *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). To determine whether a trial court has properly determined there is no arguable basis in law for a claim, "we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Id.* When, as here, a trial court does not issue findings of fact and conclusions of law, the appellate court implies all findings necessary to support the judgment. *Griffith v. Griffith*, 341 S.W.3d 43, 49 (Tex. App.—San Antonio 2011, no pet.) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)).

***Were Lopez's claims subject to section 101.106(f) of the Texas Tort Claims Act?***

Lopez first contends the trial court erred in dismissing his claims because his theft claims, arising out of property confiscation, are not subject to section 101.106(f) of the Texas Tort Claims Act, as interpreted by the supreme court in *Franka v. Velasquez. See* 332 S.W.3d 367, 369 (Tex. 2011). Specifically, Lopez asserts his complaint is not barred by *Franka* because Officers Serna and Galan stole his property and may be sued in their individual capacities. Section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011).

In *Franka*, the supreme court held that under section 101.106 of the Texas Tort Claims Act, "a suit against a government employee acting within the general scope of his employment must be dismissed if it could have been brought under this chapter [that is, under the Act] against the governmental unit." 332 S.W.3d at 369. The court in *Franka* clarified section 101.106(f)'s three-pronged test for determining whether a suit against a government employee is considered a suit against the employee in her official capacity only. *Id.*; *see Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The first prong is whether the defendant is an employee of a governmental unit. *Anderson*, 365 S.W.3d at 124. The second prong is whether a defendant is acting within the general scope of her employment. *Id.* And the third is

whether suit could have been brought under the Tort Claims Act against the agency. *Id.* The statute strongly favors dismissal of governmental employees. *Id.*

In *Mason v. Wood*, No. 09-12-00245-CV, 2013 WL 1088735 (Tex. App.—Beaumont March 14, 2013, no pet.), the Ninth Court of Appeals held that when an inmate alleges a correctional officer committed theft under the Theft Liability Act while confiscating inmate property under TDCJ's inmate-property policy, as in this case, the claim is subject to section 101.106(f) under *Franka*. *Id.* at *7. That is, the claim could have been brought "under [the] chapter" against the governmental unit. *Id.* at *7. The inmate in *Mason* sued correctional officers for theft after they confiscated his property because he possessed contraband and had excessive amounts of other property. *Id.* at *1, 7. The officers filled out a TDCJ form for property confiscation and left it with the inmate. *Id.* at *1. The court of appeals affirmed the dismissal of the inmate's claims based on the inmate's admission that the officers were acting in the scope of their employment. *Id.* at *7.

Similarly, in this case, Lopez admits in his petition that Officers Serna and Galan are TDCJ employees. Therefore, the trial court properly determined Lopez's petition met *Franca*'s first prong. *See Anderson*, 365 S.W.3d at 124. The trial court also determined Officers Serna and Galan were acting within the general scope of their employment. The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 101.001(5)). Lopez argues the officers acted outside the scope of their employment because they had no authority to commit theft. However, "[a]n official acts within the scope of her authority if she is discharging the duties generally assigned to her." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004). That is, an employee's scope of authority extends to job duties

to which the official has been assigned, even if the official errs in completing the task. *See id.* Here, Lopez, admits the officers were conducting their ordinary duties in confiscating his property. For example, Lopez admits Officer Serna was in charge of offender property confiscation in his building. Officer Serna also left a form with Lopez citing the reasons for confiscating his property. Therefore, it is clear from the record the officers were acting within the scope of their employment in this case while confiscating Lopez's property.

Finally, consistent with the court's holding in *Mason*, we hold the trial court in this case properly determined Lopez could have brought his claims against TDCJ under the Tort Claims Act. *See Mason*, 2013 WL 1088735, at *7 (holding claim is subject to section 101.106(f) under *Franka* because it could have been brought "under chapter" against governmental unit); *see also Anderson*, 365 S.W.3d at 124. Lopez argues *Franka* does not apply because theft is an intentional tort. However, in *Franka*, the supreme court held that if a state employee is alleged to have committed negligence or other "wrongful conduct" in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency. Accordingly, we reject Lopez's argument that the principles announced in *Franka* apply only to negligence claims and not intentional claims. *See Mason*, 2013 WL 1088735, at *9–10.

Lopez appears to argue an ultra vires exception (regarding the filing of suits against state agencies) applies when he asserts the officers acted outside their legal authority. *See Franka*, 332 S.W.3d at 382 & n. 69. However, the ultra vires exception does not apply in this case because this suit is for damages. *See Mason*, 2013 WL 1088735, at *10 (citing *City of El Paso v. Henrich*, 284 S.W.3d 366, 372 (Tex. 2009)). Furthermore, the officers were acting within their legal authority to confiscate property determined to be in violation of TDCJ policy.

Finally, Lopez's reliance on *Salazar v. Collins* and *Presiado v. Sheffield* is misplaced because both cases were decided prior to *Franka* and assume the inmates could proceed against

the correctional officers in both their individual and official capacities. *See Salazar v. Collins*, 255 S.W.3d 191, 203–05 (Tex. App.—Waco 2008, no pet.); *Presiado v. Sheffield*, 230 S.W.3d 272, 275 (Tex. App.—Beaumont 2007, no pet.). *Franka* held that claims brought against a public official acting within the general scope of her employment is considered to be against the officer in her official capacity only. *Franka*, 332 S.W.3d at 381 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f)). Therefore, we hold the trial court correctly determined that Lopez's claims against Officers Serna and Galan would have been subject to § 101.106(f). Officers Serna and Galan, had they been served, could have moved under § 101.106(f) to dismiss the suit against them and to have Lopez name TDCJ as the sole defendant.

### *Were Lopez's claims properly dismissed under Chapter 14 when it appears from the face of the petition they would likely be barred by sovereign immunity?*

A trial court may rely on Chapter 14, specifically section 14.003(b)(1), to dismiss an inmate's claim if the petition alleges facts showing that sovereign immunity would, in all likelihood, bar the inmate's claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003. Section 101.106(f) outlines a procedure by which a state employee may move to be dismissed from a suit arising from her conduct in the general scope of her employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) ("On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.") After the employee files a section 101.106 motion to dismiss, the plaintiff must amend the petition within thirty days and name the state agency as the sole defendant. *Id.* Then, the plaintiff must serve the state agency, and the state agency may file a plea to the jurisdiction on the pleadings if there is no waiver of sovereign immunity for the claim.

Lopez argues the trial court erred in dismissing his claims under Chapter 14 as frivolous even if it is clear from the face of his petition the claims may ultimately be barred by sovereign immunity. We disagree.

The Legislature enacted Chapter 14 to specifically govern in forma pauperis inmate proceedings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001. Its primary purpose was to provide trial courts with a mechanism to reduce the toll of frivolous inmate litigation on judicial and state resources. *Sanders v. Palunsky*, 36 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2001, no pet.). One of the provisions enabling trial courts to actively guard judicial resources against frivolous inmate lawsuits is the pre-service dismissal provision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). This provision gives trial courts the authority—prior to service of the complaint upon the defendant—to dismiss the case sua sponte if it appears the inmate's claim is frivolous or malicious. *Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This provision is modeled after a provision in the federal Prison Litigation Reform Act (the "PLRA," which Congress enacted to reduce frivolous inmate litigation in federal court), granting district courts similar authority and requiring they screen inmate complaints prior to service. *See Torns v. Miss. Dep't of Corr.*, 301 Fed. Appx. 386, 388–89 (5th Cir. 2008).

Similarly, Section 14.003(b) provides that a trial court may dismiss an inmate's suit as frivolous and malicious, and it outlines four factors to consider, including whether:

(1) the claim's realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or in fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b).

Because we hold Lopez's claims against Officers Serna and Galan would have been subject to section 101.106(f), and Lopez would therefore have to name TDCJ as the sole defendant, we

hold the trial court correctly determined sovereign immunity would have barred Lopez's suit against TDCJ. There is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims Act expressly does not waive immunity for intentional torts. *Solis v. City of Laredo*, 353 S.W.3d 528, 532 n.2 (Tex. App.—San Antonio 2011, no pet.). Because Lopez's petition alleges facts showing that sovereign immunity would, in all likelihood, bar Lopez's claims, we hold the trial court correctly determined Lopez's claims had only a slight chance of ultimate success under section 14.003(b)(1).

We recognize section 101.106(f) is not automatically implicated; that is, a defendant must file a motion to dismiss under that section, and the defendants in this case did not file a motion to dismiss. However, we hold that under section 14.003(b), a trial court has the power to sua sponte dismiss an inmate suit prior to a formal section 101.106(f) motion. That is, trial courts may dismiss an inmate's suit under section 14.003(b)(1) if it appears from the face of the petition the claim would have no more than a slight chance of ultimate success because it would ultimately be barred by an affirmative defense such as sovereign immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1). This rule comports with the Legislature's purpose in enacting Chapter 14, which was to simplify inmate proceedings and avoid unnecessary procedures in cases where inmate filings would ultimately lack any chance of success. *See Sanders*, 36 S.W.3d at 226. Accordingly, we hold the trial court did not err in dismissing Lopez's claims as frivolous under section 14.003.

## CONCLUSION

Based on the foregoing, we overrule Lopez's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice