

# NUMBER 13-18-00197-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SALVADOR ZAVALA,                                                    Appellant,

v.

CARLOS C. BOLIVA, COREY FURR,
RAFAEL MENCHACA, TRACY BROWN,
JESSICA GARCIA, SHARON RUIZ
AND ROSE GUERRA,                                                   Appellees.

On appeal from the 343rd District Court
of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

Appellant Salvador Zavala appeals the trial court's order dismissing his lawsuit against appellees, Carlos Boliva, Corey Furr, Rafael Menchaca, Tracy Brown, Jessica Garcia, Sharon Ruiz and Rose Guerra as frivolous for failure to comply with Chapter 14

of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.010(a). In two issues, Zavala argues that: (1) the trial court improperly dismissed his claim without a hearing; and (2) Judge Joel Johnson did not have the authority to rule on the case because Zavala timely and properly filed an objection to the assignment of his case to an associate judge. We affirm.

## I. BACKGROUND

Zavala is a Texas Department of Criminal Justice (TDCJ) inmate at the McConnell Unit in Beeville, Texas. Zavala alleges that a corrections officer seized Zavala's commissary bag as contraband and that appellees "refused to return the property on Plaintiff's demand via I-60s, Step One and Step Two grievances." On October 5, 2017, Zavala filed a lawsuit against appellees for theft of his commissary bag. In his petition, Zavala included an objection to the assignment of his case to an "associate judge."

On October 13, 2017, Presiding Judge Janna Whatley assigned Judge Joel Johnson, a senior judge, to hear Zavala's case pursuant to Chapter 74 of the Texas Civil Practice and Remedies Code. *See id.* ch. 74. The Texas Office of the Attorney General filed an amicus curiae motion to dismiss on behalf of appellees, arguing that Zavala failed to comply with Chapter 14 of the Texas Civil Practice and Remedies Code and that his claims were frivolous. *Id.*

On March 26, 2018, the trial court entered an order dismissing as frivolous all claims against appellees for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. This appeal followed.

2

## II. OBJECTION TO AN ASSOCIATE JUDGE

In his second issue, which we address first, Zavala contends that the trial court lacked subject matter jurisdiction to render an order to dismiss. Specifically, Zavala argues that Judge Johnson should not have been able to rule on Zavala's case because Zavala properly objected to the assignment of his case to an associate judge.

### A. Standard of Review and Applicable Law

Whether a trial court has jurisdiction is a question of law that we review de novo. *Harris County v. Annab*, 574 S.W.3d 609, 612 (Tex. 2018). Associate judges are appointed by a judge of a district or statutory county court to a full-time or part-time position serving a particular court. *See* TEX. GOV'T CODE ANN. §§ 54A.101, 54A.102. A person does not have to have been an elected judge to qualify as an associate judge. *See id.* § 54A.103. The ruling of an associate judge is subject to de novo review. *See id.* § 54A.115. A party can file a written objection concerning the appointment of an associate judge hearing a trial on the merits or presiding at a jury trial no later than the tenth day after the party receives notice that the associate judge will hear the trial. *Id.* § 54A.106.

On the other hand, assigned judges are active, retired or senior judges. *See id.* § 74.054. An assigned judge may not hear a case if a party submits a timely objection no later than seven days after the party receives actual notice of the assignment or before the first hearing of the trial. *See id.* § 74.053. A timely objection to a judge "assigned" under Chapter 74 has automatic effect and any subsequent order by the assigned judge is void. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001).

3

**Analysis**

To properly object to an associate judge, one must file a written objection no later than ten days after they receive notice that the associate judge will hear the trial, which Zavala did. TEX. GOV'T CODE ANN. §§ 54A.106. Zavala timely filed the objection to an associate judge when he filed his petition. However, Judge Johnson is not an associate judge. The record makes clear that Judge Johnson is a senior judge pursuant to Chapter 74 of the government code. *Id.* § 74.054.

Zavala did not submit a timely objection to the assignment of Judge Johnson, because his objection was to an associate judge rather than an assigned judge. *See id.* §§ 54A.101–103, 74.054. Because Zavala did not timely object to the assignment of a senior or assigned judge, we conclude that Judge Johnson had jurisdiction to hear the case and that his orders are not void. Accordingly, we overrule Zavala's second issue.

### III. CHAPTER 14 INMATE LITIGATION

In Zavala's first issue, he contends that the trial court abused its discretion by improperly dismissing Zavala's claim with prejudice without holding a hearing.

### A. Standard of Review and Applicable Law

We generally review a trial court's dismissal of a claim pursuant to Chapter 14 under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also Zavala v. Salles*, No. 13-18-00104-CV, 2018 WL 3386368, at *1 (Tex. App.—Corpus Christi–Edinburg July 12, 2018, no pet.) (mem. op). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.3d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide

4

a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242. However, when the trial court dismisses a claim without a hearing, the issue on appeal is whether the claim had no arguable basis in law, which we review de novo. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also Hoffman v. Muro*, No. 13-17-000416-CV, 2018 WL 2979958, at *2 (Tex. App.—Corpus Christi–Edinburg June 14, 2018, no pet.) (mem. op.).

A trial court may dismiss an inmate's claim as frivolous or malicious under Chapter 14 based on the following factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. *See* Tex. Civ. Prac. & Rem Code Ann. § 14.003(a)(2), (b)(2); *see also Zavala v. Bustos*, No. 13-17-00597-CV, 2018 WL 3764568, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2018, pet. denied) (mem. op.). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Fernandez v. T.D.C.J.*, 341 S.W.3d 334, 339 (Tex. App.—Waco 2010, no pet.). For example, a case barred by sovereign immunity has no arguable basis in law and renders a lawsuit frivolous under Chapter 14. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 811 (Tex. App.—Fort Worth 2010, no pet.); *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 WL 3906395, at *1 (Tex. App—Corpus Christi–Edinburg Aug. 26, 2008, no pet.) (mem. op.). Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct. *See*

5

*Fernandez*, 341 S.W.3d at 13. However, if the claim has no arguable basis in law, then dismissal with prejudice is proper. *Id.*

**B.      Analysis**

Zavala's claim against appellees is based on the allegation that they took his personal belonging, his commissary bag. Section 101.106 of the Texas Tort Claims Act states:

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). A suit is completely foreclosed against a government employee when sued in his individual capacity if he is acting within the scope of his employment. *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). The Texas Supreme Court in *Franka* held that a case is considered against an employee within his or her official capacity if: the defendant was an employee of a governmental unit; the defendant was acting within the general scope of his employment; and the suit could have been brought under the Texas Tort Claims Act against the agency. *See id.*

In this case the appellees are employees of a governmental unit, the Texas Department of Criminal Justice. *See Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). As to the second *Franka* prong, the Texas Tort Claims Act defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance

6

of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). It is within appellees' job to confiscate property, and we find it clear from the record that appellees were acting within the scope of their employment. *See Lopez*, 414 S.W.3d at 894.

We also conclude that the third *Franka* prong is satisfied. In *Lopez*, the court "held that if a state employee is alleged to have committed negligence or other 'wrongful conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency." *Lopez*, 414 S.W.3d at 895 (citing *Franka*, 332 S.W.3d at 381). This applies to both unintentional torts, such as negligence, and intentional torts, such as theft. *See id.* (holding that a suit for theft against TDCJ employees satisfied the third *Franka* prong). Thus, Zavala's suit is subject to section 101.106(f); his suit is against the defendants in their official, not individual, capacities; and the defendants were entitled to have the case dismissed against them and have Zavala name the TDCJ as the sole defendant. *See id.* Zavala's claim against the TDCJ would be barred by sovereign immunity because "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims Act expressly does not waive immunity for intentional torts." *See id.* at 896.

Because the appellees were acting in the scope of their employment, any suit brought against them in their individual capacities is barred. *See Franka*, 332 S.W.3d at 381. Zavala would therefore have to name the TDCJ as the sole defendant in his claim, which would be barred by sovereign immunity. *See Lopez*, 414 S.W.3d at 896. Therefore, the trial court did not err in dismissing Zavala's claims because they have no

7

basis in law, and it was proper to dismiss his suit with prejudice. *See id.*; *Fernandez*, 341 S.W.3d at 13; *see also Zavala*, 2018 WL 3764568, at *3. We overrule Zavala's first issue.

## IV.    CONCLUSION

Having overruled Zavala's both issues on appeal, we affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
11th day of July, 2019.