# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00120-CV

---

**Brian Manley, Chief of Austin Police Department; Brian Manley, Individually; Commander Mark Spangler, Austin Police Department; Lt. Jerry Bauzon, Austin Police Department; Officer Benjamin Bloodworth, Austin Police Department; Officer Collin Fallon, Austin Police Department; Sgt. Eric Kilcollins, Training Coordinator, Austin Police Academy; and Officer Shand, Lead Instructor, Stress Reaction Training, Austin Police Academy, Appellants**

**v.**

**Christopher Wise, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-004731, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellee Christopher Wise filed suit against the City of Austin; the Austin Police Department (APD); Brian Manley, who was at the time Chief of Police for APD; and six other APD officers, alleging that the defendants were responsible for serious injuries that Wise had sustained during APD cadet training. The defendants filed an amended plea to the jurisdiction and motion to dismiss, asserting in part that dismissal of Wise's claims against the individually named defendants was required under the election-of-remedies provisions in the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.106(e), (f). Following a hearing, the district court granted the plea and motion with respect to the City of Austin and APD, dismissing Wise's claims against those defendants, but denied the plea and motion with respect to the

individually named defendants (appellants). On appeal, appellants argue that the district court erred in not dismissing Wise's claims against them. We will reverse and render judgment dismissing those claims.

## BACKGROUND

Wise, a former cadet in the Austin Police Academy, alleged that on October 1, 2018, he was engaged in "a very strenuous series of physical exercises in an activity entitled Stress Reaction Training." The training was scheduled from 2:00 p.m. to 4:00 p.m. on a day when the high temperature in Austin was approximately 88 degrees and the relative humidity was approximately 94% at 2:24 p.m., with a heat index of 100 degrees. The cadets were required to perform these training exercises "in heavy clothing while wearing a service belt which held various items of equipment." According to Wise,

> It is common knowledge that under such circumstances, hydration is one of the foremost considerations and absolutely necessary to avoid heat related injury or illness. The stated policy of the Austin Police Department was to encourage and not discourage the cadets from drinking water at any time during these activities. Despite the stated policy, instructors did discourage the cadets from drinking water except at designated intervals. It was not within the authority of the Defendants to violate the stated policy of the Austin Police Department.

Wise alleged that each of the individually named defendants was "superior in rank to each of the cadets" and was, "in some capacity, a supervisor of the cadets and of the Stress Reaction Training and each was responsible to implement the stated policies of the Austin Police Department." Wise further alleged that each of the individually named defendants "failed to implement the stated policies with respect to ensuring that the cadets remained properly hydrated while engaging in strenuous exercise during the Stress Reaction Training on October 1, 2018."

2

Wise was one of nine cadets who required medical attention during the training and one of five cadets who were transported to various hospitals. Wise was "hospitalized after he became incoherent and unable to walk at approximately 4:45 p.m." and "became incapacitated about an hour and a half after the first three cadets required medical attention and the first nine emergency vehicles began arriving at the Academy." Wise claimed that "[a]t no time during that 90-minute interval did the Stress Reaction Training instructors stop discouraging the cadets from drinking water except at designated intervals."

Wise alleged that the individually named defendants "intentionally prevented and intentionally failed to permit the cadets to remain properly hydrated and/or failed to ensure that the cadets remained properly hydrated" and that "[t]he acts complained of were not done in good faith and were not within the scope of Defendants' employment." According to Wise, the defendants "witnessed eight cadets becoming incapacitated as a result of heat and hydration illness or injury before [Wise]" was injured and "also saw eight emergency vehicles respond to these emergencies." Thus, Wise claimed, "the individual Defendants had not only subjective awareness that injuries had occurred and would continue to occur as a result of this practice, they had actual, objective and irrefutable evidence that such injuries had occurred and would continue to occur before [Wise] became incapacitated." Wise alleged that despite this knowledge, "the Defendants continued to discourage drinking water until after [Wise]'s injury."

Wise further alleged that he "had already sustained heat exhaustion when Defendants became aware of his condition," but they "did not summon medical help at that time." Consequently, "[f]or the next several minutes, [Wise]'s condition deteriorated from simple heat exhaustion" to additional, more serious injuries, including heat stroke. Wise claimed that "the Defendants knew that the Plaintiff had already suffered an injury and that he would

3

suffer additional injuries unless he received immediate medical attention" and that, "[d]espite this knowledge, Defendants failed and refused to summon medical help promptly." According to Wise, "[t]his failure was a proximate cause of the Plaintiff's injuries for which he here sues the Defendants jointly and severally."

In his petition, Wise also sought a declaratory judgment against the City of Austin and APD relating to the workers' compensation benefits that he had received as a result of his injuries. Wise claimed that the City or APD "will assert a Workers' Compensation lien and / or a subrogation claim on the Plaintiff's recovery, if any, from the individual Defendants," and thus he sought a declaration "as to whether or not the City of Austin is entitled to claim a lien and / or assert a subrogation claim, and if so, in what amount." Wise explained that he "does not seek damages from the City of Austin arising from the ultra vires acts of the individual Defendants" but "simpl[y] requests for the City of Austin and the Austin Police Department to state the amount, if any, which the Plaintiff will owe to either or both units of government if he obtains a recovery from the individual Defendants."

The defendants filed various responsive pleadings that included an amended plea to the jurisdiction and motion to dismiss. The defendants asserted in their plea and motion that by suing Manley in his official capacity as Chief of Police for APD, Wise had in effect sued the City. By doing so, the defendants claimed, Wise had sued both the City and its employees (the APD officers) in tort, which entitled the employees to dismissal of the tort claims against them under Section 101.106(e) of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code §101.106(e). The defendants also moved for dismissal under Section 101.106(f) of the TTCA, which provides that if certain statutory requirements (discussed below) are satisfied, then "[o]n the employee's motion, the suit against the employee shall be dismissed unless the plaintiff

4

files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed."[1]  *Id*. § 101.106(f). Regarding Wise's separate claim for declaratory relief under the Texas Uniform Declaratory Judgment Act (UDJA), the defendants argued that the City's immunity had not been waived; that even if the City's immunity had been waived, Wise's claim against the City was not ripe for adjudication because the City had not yet asserted a subrogation claim; and that APD should be dismissed from the suit because it was a department of the City and not a separate legal entity that could sue or be sued.

Following a hearing, the district court granted the defendants' amended plea to the jurisdiction and motion to dismiss with respect to the City and APD, dismissing Wise's claims against those defendants without leave to amend.  The district court denied the amended plea to the jurisdiction and motion to dismiss with respect to appellants, the individually named defendants.  This appeal followed.

## STANDARD OF REVIEW

"Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection to the political subdivisions of the state, such as counties, cities, and school districts."  *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011).  An assertion of governmental immunity implicates the trial court's jurisdiction and thus is properly asserted in a

---

[1]  Wise amended his pleadings twice but did not dismiss the officers from the suit in either his first or second amended petition, and by the time Wise filed his second amended petition, more than thirty days had passed since the filing of the motion to dismiss.

plea to the jurisdiction.[2] *Tarrant Regional Water Dist. v. Johnson*, 572 S.W.3d 658, 664 (Tex. 2019); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). "The trial court's ruling on the plea is reviewed de novo on appeal." *Johnson*, 572 S.W.3d at 664. We similarly review de novo a trial court's denial of a government employee's motion to dismiss based on claims of governmental immunity. *See Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. "We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Id*. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id*. at 226–27. However, "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Id*. at 227.

---

[2] We note that in this appeal, appellants are not asserting the common-law doctrine of official immunity but instead are invoking the statutory right to dismissal under the election-of-remedies provisions of the TTCA. Official immunity is an affirmative defense that "shields government officials from personal liability for discretionary acts in good faith and within the scope of their authority." *Railroad Comm'n v. Gulf Energy Expl. Corp.*, 482 S.W.3d 559, 567 (Tex. 2016) (citing *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004)). In contrast, Section 101.106(e) of the TTCA provides for "immediate dismissal" of governmental employees from a suit filed "against both a governmental unit and any of its employees" upon filing of a motion to dismiss by the governmental unit, Tex. Civ. Prac. & Rem. Code § 101.106(e), and Section 101.106(f) of the TTCA, if applicable, "essentially prevents an employee from being sued at all for work-related torts and instead provides for a suit against the governmental employer," *Garza v. Harrison*, 574 S.W.3d 389, 400 (Tex. 2019). In short, by moving for dismissal of the officers under the election-of remedies provisions of the TTCA, "defendants [are] asserting claims of governmental immunity," *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011), not official immunity.

6

**DISCUSSION**

The TTCA "provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (citing Tex. Civ. Prac. & Rem. Code § 101.023). However, "under the common law, 'public employees (like agents generally) have always been individually liable for their own torts, even when committed in the course of employment,' and to the extent the employee is not entitled to official immunity, the employee's liability could be established in a suit against the employee individually." *Garza*, 574 S.W.3d at 399 (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011)). Thus, "[a]fter the Tort Claims Act was enacted, plaintiffs often sought to avoid the Act's damages cap or other strictures by suing governmental employees, since claims against them were not always subject to the Act." *Garcia*, 253 S.W.3d at 656. "To prevent such circumvention, and to protect governmental employees, the Legislature created an election-of-remedies provision," section 101.106 of the TTCA, that "forces a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable" for the employee's tortious conduct. *Id.* at 656–57. "Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id.* at 657.

In this case, appellants argue that Wise's claims must be dismissed under Section 101.106(e) and Section 101.106(f) of the TTCA. Section 101.106(e) provides that "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."

7

Tex. Civ. Prac. & Rem. Code § 101.106(e). Appellants assert that this provision applies because Wise sued Manley in his official capacity as Chief of Police of APD and that as a result, Wise's suit was brought against the City of Austin. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) ("A suit against a [governmental] official in his official capacity . . . actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . a suit against the [governmental] entity.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). Thus, in appellants' view, Wise sued both the individually named officers and the City, which would mandate the dismissal of the officers from the suit immediately upon the City's filing of the motion to dismiss. In response, Wise argues that he sued Manley only in his individual capacity and that his suit against the City was limited to his UDJA claim. Thus, in Wise's view, Section 101.106(e) does not apply.

However, we need not decide whether Section 101.106(e) applies here because we conclude that dismissal was required under Section 101.106(f), which provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code § 101.106(f). "More succinctly, a defendant is entitled to dismissal upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the

8

governmental unit under the Tort Claims Act." *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017).

**Scope of employment**

We first address whether the suit was based on conduct within the "scope of employment" of the APD officers. For purposes of the TTCA, "'[s]cope of employment' means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code § 101.001(5). The term is defined "broadly." *Garza*, 574 S.W.3d at 400; *see* Tex. Gov't Code § 311.005(13) ("'Includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded."). "Conduct falls outside the scope of employment when it occurs 'within an independent course of conduct not intended by the employee to serve *any* purposes of the employer.'" *Garza*, 574 S.W.3d at 400 (quoting *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014)).

"[T]he critical inquiry is whether, when viewed objectively, 'a connection [exists] between the employee's job duties and the alleged tortious conduct.'" *Id*. at 401 (quoting *Laverie*, 517 S.W.3d at 753). "Simply stated, a governmental employee is discharging generally assigned job duties if the employee was doing his job at the time of the alleged tort." *Id*. "For purposes of section 101.106(f), the employee's state of mind, motives, and competency are irrelevant so long as the conduct itself was pursuant to the employee's job responsibilities." *Id*. The inquiry calls for "an objective assessment of whether the employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it." *Laverie*,

517 S.W.3d at 753. Thus, a connection between the employee's job duties and the alleged tortious conduct exists "even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to her job responsibilities." *Id.*

Here, Wise alleged that during the training exercises that resulted in his injuries, each of the individually named defendants was "superior in rank to each of the cadets" and was, "in some capacity, a supervisor of the cadets and of the Stress Reaction Training, and each was responsible to implement the stated policies of the Austin Police Department," but that each "failed to implement the stated policies with respect to ensuring that the cadets remained properly hydrated while engaging in strenuous exercise during the Stress Reaction Training on October 1, 2018." Wise further alleged that the officers "intentionally prevented and intentionally failed to permit the cadets to remain properly hydrated and/or failed to ensure that the cadets remained properly hydrated" during the training. These allegations conclusively establish that "a connection exists" between the officers' job duties, specifically their supervision of the cadets' training exercises, and the alleged tortious conduct, i.e., their alleged failure to ensure that the cadets remained properly hydrated during the training. *See Garza*, 574 S.W.3d at 394 (concluding that requisite connection existed between police officer's job responsibility to make arrests and his allegedly tortious conduct in fatally shooting suspect during arrest). Moreover, because Wise's allegations conclusively prove the requisite "connection" between the officers' job duties and the tortious conduct, a remand to allow Wise the opportunity to replead would be inappropriate here.[3] *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559

---

[3] Remand would also be inappropriate because Wise already had an opportunity to replead and in fact repleaded twice after appellants filed their plea to the jurisdiction and motion

10

(Tex. 2016) ("Generally, remand is a mechanism for parties, over whose claims the trial court may have jurisdiction, to plead facts tending to establish that jurisdiction, not for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction.")

Wise argues that "[i]t is ludicrous to suggest that intentional injuries inflicted on Wise by the Appellant Officers" were done in the scope of their employment with the City. However, this Court has held that "intentional torts can fall within the scope of employment" for purposes of Section 101.106(f). *McFadden v. Olesky*, 517 S.W.3d 287, 297 (Tex. App.—Austin 2017, pet. denied); *see also Fink v. Anderson*, 477 S.W.3d 460, 467–69 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (explaining that intentional torts of assault, theft, fraud, slander, and malicious prosecution can fall within employee's "scope of employment"); *Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.) (concluding that intentional tort of theft was within scope of employment of prison officers who allegedly confiscated plaintiff's property). The inquiry focuses not on whether the tort was intentional but on whether the employees were "doing their job" at the time of the alleged tort, as the officers were doing here. *See Garza*, 574 S.W.3d at 401; *Laverie*, 517 S.W.3d at 753; *see also Alexander*, 435 S.W.3d at 790, 792 (concluding that intentional torts allegedly committed by officers in course of arresting plaintiff, including assault, were committed within scope of officers' employment).

Wise argues in the alternative that "whether or not the acts complained of were outside the general scope of employment, they were ultra vires, and so are actionable against the

---

to dismiss. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 558–59 (Tex. 2016) ("Appellate courts generally must remand a case to afford parties an opportunity to cure jurisdictional defects in their pleadings when the parties did not have that opportunity in the first instance because the jurisdictional issue arose for the first time on appeal.").

defendants in their individual capacities." *See City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) ("Plaintiffs in ultra vires suits must 'allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'" (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009))). We disagree. "[U]ltra vires suits do not attempt to exert control over the state—they attempt to reassert the control of the state" by "requir[ing] state officials to comply with statutory or constitutional provisions" going forward. *Heinrich*, 284 S.W.3d at 372. Consequently, "ultra vires claimants are only entitled to prospective relief." *Houston Mun. Emps. Pension Sys.*, 549 S.W.3d at 576. "If the injury has already occurred and the only plausible remedy is monetary damages, an ultra vires claim will not lie." *Id*. Wise's suit against the officers is not seeking to bring the officers into compliance with the law. Rather, Wise is seeking from the officers only monetary damages for an injury that has already occurred. Such relief is not available in an ultra vires suit. *See Lopez*, 414 S.W.3d 895; *see also Williams v. Valdez*, No. 05-18-00213-CV, 2020 WL 2897181, at *3 (Tex. App.—Dallas June 3, 2020, no pet.) (mem. op.) (rejecting plaintiff's premise that "section 101.106(f) does not apply because he has asserted an ultra vires claim"; concluding that "despite [plaintiff's] description of his claim, he has not asserted an ultra vires claim and instead has asserted an intentional tort claim for which he seeks monetary damages from [the defendant]").

**Whether the claims "could have been brought" under the TTCA**

We next address Section 101.106(f)'s requirement that the claims "could have been brought" under the TTCA. A claim "could have been brought under the Act" when the "claim is in tort and not under another statute that independently waives immunity." *Franka,*

332 S.W.3d at 381 (holding that employee does not have to first prove that employer immunity has been waived under the TTCA to establish that he is entitled to dismissal under section 101.106). A tort is defined in part as "a breach of a duty that the law imposes on persons who stand in a particular relation to one another." *Tort*, Black's Law Dictionary (10th ed. 2014). Wise's claims against the officers, who Wise acknowledges in his petition were "employees of the City of Austin Police Department" at the time of his injuries, allege that the officers breached a duty that they owed to the cadets as their supervising officers. Thus, Wise's allegations against the officers are claims in tort and thus "could have been brought" against the City under the TTCA. *See Franka*, 332 S.W.3d at 381; *see also Garcia*, 253 S.W.3d at 659 ("Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106.").

In sum, the undisputed allegations conclusively establish that section 101.106(f) applies to Wise's suit against the officers and that the officers were entitled to be dismissed from the suit on that basis. *See Garza*, 574 S.W.3d at 406; *Alexander*, 435 S.W.3d at 792; *McFadden*, 517 S.W.3d at 298; *see also Miranda*, 133 S.W.3d at 227 (when pleadings affirmatively negate jurisdiction, "plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend"). Accordingly, to comply with section 101.106(f), Wise was required to dismiss the officers from his suit and name the governmental unit as the defendant for his tort claims "on or before the 30th day after the date the motion is filed." *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). Wise failed to do so. Consequently, the district court erred in denying appellants' amended plea to the jurisdiction and motion to dismiss with respect to the individually named officers.

13

**CONCLUSION**

We reverse the district court's order denying appellants' amended plea to the jurisdiction and motion to dismiss and, because Wise is not entitled to replead for the reasons discussed above, render judgment dismissing Wise's claims against the individually named officers.[4]

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Triana, and Kelly

Reversed and Rendered

Filed: February 24, 2022

---

[4] Appellants have filed a motion to strike the appendix to Wise's brief, arguing that it contains documents that are outside of the record, were not considered by the district court in its ruling, and thus may not be considered by this Court on appeal. We have not considered in our analysis any documents outside of the record and dismiss appellants' motion as moot.