

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00225-CV

Donald **GENTLES**,
Appellant

v.

Felipe **GONZALEZ**, Jr., Sean Clark, Haleigh Kidd, Marcos Perez, and Brenda Marin,
Appellees

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 20-10-26710-CV
Honorable Daniel J. Kindred, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Liza A. Rodriguez, Justice
Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 23, 2023

AFFIRMED

Appellant Donald Gentles, an inmate proceeding pro se, filed suit against the five appellees, who are all employed as Texas Department of Criminal Justice ("TDCJ") correctional officers ("the appellees").[2] Gentles appeals the trial court's order dismissing his negligence claims under section 101.106(f) of the Texas Tort Claims Act. In his first issue, appellant argues the trial court erred when it failed to rule on his motion for default judgment. In his second and third issues,

---

[1] The Honorable Sandee Bryan Marion, Chief Justice (Ret.) of the Fourth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.
[2] Gentles also sued "Unknown Correctional Officers, TDCJ".

appellant argues the trial court erred when it dismissed his suit. In his fourth issue, appellant argues the trial court erred when it did not accept amended pleadings filed after the dismissal was granted. We affirm.

## BACKGROUND

Gentles sustained injuries when he slipped and fell on a wet floor after a sanitation crew cleaned his prison unit in response to the COVID-19 pandemic. Gentles claims the appellees were negligent when they instructed him to return to his cell but failed to warn him that the floor was wet.

On October 8, 2020, Gentles filed suit against the appellees. On November 24, 2020, the appellees filed their answer. On January 19, 2021, Gentles filed a motion for default judgment.

On June 29, 2021, the appellees filed a motion to dismiss under section 101.106(f) of the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). On March 17, 2022, the trial court held a hearing on the appellees' motion to dismiss and signed an order granting the motion to dismiss. Gentles appeals.

## FAILURE TO RULE ON DEFAULT JUDGMENT

In his first issue, Gentles argues the trial court erred by not timely ruling on his motion for default judgment. Gentles contends he is entitled to a default judgment because the appellees did not timely file their answer.

"A trial court is required to consider and rule on a pending motion for default judgment within a reasonable time." *Nkansah v. Tex. Workforce Comm'n*, No. 05-17-00281-CV, 2018 WL 2749765, at *3 (Tex. App.—Dallas May 31, 2018, pet. denied) (mem. op.); *see also In re Gonzalez*, No. 04-18-00799-CV, 2018 WL 6624388, at *1 (Tex. App.—San Antonio Dec. 19, 2018, orig. proceeding) (mem. op.) ("A trial court is required to consider and rule on a motion within a reasonable time."). Whether the trial court acted within a reasonable period of time

depends on the circumstances of the case. *Davis v. West*, 433 S.W.3d 101, 108 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

Once a facially valid answer is filed—even if the answer is filed after the due date—the trial court may not render a no-answer default judgment. *Cedillo v. Mann*, No. 04-20-00278-CV, 2021 WL 3518540, at *1 (Tex. App.—San Antonio Aug. 11, 2021, no pet.) (mem. op.); *see also Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) ("A default judgment may not be rendered after the defendant has filed an answer." (citing TEX. R. CIV. P. 239)). Any complaint regarding the trial court's failure to rule on a motion for default judgment is rendered moot when the defendant files an answer. *See Nkansah*, 2018 WL 2749765, at *3.

The appellees filed their answer on November 24, 2020. Gentles did not file his motion for default judgment until January 19, 2021—nearly two months after the appellees filed their answer. Therefore, when Gentles filed his motion for default judgment, it was moot, and the trial court had no duty to rule on the motion. *See In re Amir-Sharif*, No. 08-12-00080-CV, 2012 WL 1484197, at *1 (Tex. App.—El Paso Apr. 27, 2012, orig. proceeding). Further, the trial court would have erred if it granted the motion for default judgment because the appellees had an answer on file when Gentles filed his motion. *See Cedillo*, 2021 WL 3518540, at *1.

Accordingly, Gentles's first issue is overruled.

### DISMISSAL UNDER THE TEXAS TORT CLAIMS ACT

In his second issue, Gentles—who pursues this appeal pro se—argues the trial court did not follow the law and was biased when it granted the appellees' motion to dismiss. However, Gentles does not point us to anything in the record that supports his claim of prejudice other than the trial court's dismissal of the suit. In his third issue, it appears Gentles argues the appellees acted outside the scope of their employment when they instructed him to return to his cell. We construe Gentles's second and third issues as arguments that the trial court erred when it dismissed

his suit under section 101.106(f) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

We conduct a de novo review of an order dismissing a suit against a governmental employee pursuant to section 101.106(f). *Rivera v. Garcia*, 589 S.W.3d 242, 245 (Tex. App.—San Antonio 2019, no pet.).

After the enactment of the TTCA, "plaintiffs often sought to avoid the Act's damages cap or other strictures by suing governmental employees, since claims against [the employees] were not always subject to the Act." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 656 (Tex. 2008). "To prevent such circumvention, and to protect governmental employees, the [l]egislature created an election-of-remedies provision." *Id.*

Section 101.106(f) of the TTCA provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f)

"The election-of-remedies provision in section 101.106(f) of the [TTCA] requires courts to grant a motion to dismiss a lawsuit against a governmental employee sued in an 'official capacity' but allows the governmental unit to be substituted for the employee." *Garza v. Harrison*, 574 S.W.3d 389, 393 (Tex. 2019). "[A] governmental employee is sued in an official capacity when the suit (1) is based on conduct within the general scope of that employee's employment[,] and (2) could have been brought under the Act against the governmental unit." *Id.* at 394 (internal quotation marks and alterations omitted). "By adopting section 101.106(f), the [l]egislature has

effectively mandated that only a governmental unit can be sued for a governmental employee's work-related tortious conduct." *Id.* at 393–94.

### 1. Scope of Employment

"Scope of employment" is defined in the TTCA as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). "The scope-of-employment inquiry under section 101.106(f) focuses on whether the employee was doing his job, not the quality of the job performance." *Garza*, 574 S.W.3d at 394. "Even if work is performed wrongly or negligently, the inquiry is satisfied if, when viewed objectively, a connection exists between the employee's job duties and the alleged tortious conduct." *Id.* (internal quotation marks and alterations omitted). "The scope-of-employment analysis, therefore, remains fundamentally objective: Is there a connection between the employee's job duties and the alleged tortious conduct?" *Laverie v. Wetherbe*, 517 S.W.3d 748, 753 (Tex. 2017).

It is undisputed that appellees were all employees of TDCJ, a governmental unit, when Gentles sustained his injuries. Gentles argues the appellees are liable for negligently instructing him to return to his cell even though the floor appeared to be wet from the sanitation. Here, the appellees were performing their employment duties when they carried out a directive to sanitize the prison unit in response to the COVID-19 pandemic. *See id.* (holding an official acts within the scope of his employment if he is discharging the duties generally assigned to him). The appellees, who were all correctional officers, were also carrying out their employment duties when they instructed Gentles to return to his cell after the sanitation process was completed. *Cf. Donohue v. Dominguez*, 486 S.W.3d 50, 56 (Tex. App.—San Antonio 2016, pet. denied) ("An employee's act is not within the scope of employment when it occurs within an independent course of conduct not

intended by the employee to *serve any purpose* of the employer." (quoting *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014))). It does not matter if the appellees were negligent when they instructed Gentles to return to his cell so long as their actions, viewed objectively, are related to their employment duties. Here, because appellees' actions served TDCJ purposes, it is clear their allegedly tortious conduct is connected to their employment duties. Thus, the appellees acted within the scope of their employment when the allegedly tortious conduct occurred.

*2. Whether the Claim "Could Have Been Brought" Against TDCJ*

"[I]f a state employee is alleged to have committed negligence or other wrongful conduct in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency." *Lopez v. Serna*, 414 S.W.3d 890, 895 (Tex. App.—San Antonio 2013, no pet.) (internal quotation marks omitted) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011)). "Properly construed, section 101.106(f)'s two conditions are met in almost every negligence suit against a government employee: he acted within the general scope of his employment and suit could have been brought under the Act—that is, his claim is in tort and not under another statute that independently waives immunity." *Franka*, 332 S.W.3d at 381; *see also Rivera*, 589 S.W.3d at 246 (internal quotation marks omitted) ("'Could have been brought' applies to all claims in tort and not under another statute that independently waives immunity, even where the [TTCA] does not waive immunity" for the tort claims). "In such cases, the suit is considered to be against the employee in the employee's official capacity only, and the plaintiff must promptly dismiss the employee and sue the government instead." *Franka*, 332 S.W.3d at 381 (internal quotation marks omitted).

Because the alleged tortious actions Gentles complains about were committed within the appellees' scope of employment, the suit could have been brought against TDCJ under the TTCA. *See Anderson v. Bessman*, 365 S.W.3d 119, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.)

("Given that the pleadings allege acts within the course and scope of the administrators' employment, the faculty members' suit could have been brought under the [TTCA] against [the governmental unit].").

### 3. *Dismissal of the Suit Was Proper*

Section 101.106(f) provides: "On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Here, the appellees filed their motion to dismiss pursuant to section 101.106(f) on June 29, 2021. Thus, the trial court was required to dismiss the suit unless Gentles amended his pleadings by dismissing the appellees and naming TDCJ as the defendant on or before July 29, 2021. The record reflects that the trial court initially held a hearing on the appellees' motion to dismiss on January 20, 2022. At this hearing, Gentles complained he had not received notice of the appellees' motion to dismiss.[3] Because of the lack of notice, the trial court gave Gentles an additional thirty days to amend his pleadings.[4] Assuming without deciding the trial court could extend the deadline under these circumstances, the new deadline to file amended pleadings was February 21, 2022.[5]

On March 17, 2022, the trial court held a second hearing on the appellees' motion to dismiss. The trial court asked Gentles whether he amended his pleadings. Gentles responded he put his amended pleadings "in the mail this morning" but admitted they were not filed or mailed

---

[3] The reporter's record of the January 20, 2022 hearing is not before us. However, at the March 17, 2022 hearing, the trial court recounted what occurred at the January 20, 2022 hearing.

[4] We need not determine whether it was proper for the trial court to give Gentles an additional thirty days because the issue has not been raised by the parties and it is not dispositive of this appeal.

[5] Because the thirtieth day following January 20, 2022 was Saturday, February 19, 2022, Gentles was required to file his amended pleadings on "the next day which is not a Saturday, Sunday, or legal holiday." *See* TEX. R. CIV. P. 4.

on or before February 21, 2022.[6]  The amended pleadings were not filed until March 25, 2022, and did not dismiss the appellees from the suit.

Section 101.106(f) required the trial court to dismiss the suit unless Gentles timely amended his pleadings to dismiss the appellees from the suit and name TDCJ as defendant.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).  Because Gentles did not amend his pleadings within the requisite time, we hold the trial court did not err when it dismissed the suit.

Accordingly, Gentles's second and third issues are overruled.

### AMENDED PETITION FILED AFTER DISMISSAL

In his fourth issue, Gentles argues the trial court erred when it did not apply the mailbox rule to his amended pleadings.  Assuming *arguendo* the mailbox rule applied to Gentles's amended pleadings, the outcome of his appeal remains unchanged.

The mailbox rule provides: "If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time."  TEX. R. CIV. P. 5.  At the latest, Gentles was required to file his amended pleadings on or before February 21, 2022.  By his own admission, Gentles did not mail the amended pleadings until March 17, 2022.  Thus, the mailbox rule does not save the suit from dismissal under section 101.106(f).

Accordingly, Gentles's fourth issue is overruled.

### CONCLUSION

We affirm the trial court's order dismissing the suit.

Irene Rios, Justice

---

[6] Gentles argued he was unable to mail the amended pleadings because the prison went on "institutional lockdown for two weeks."  However, Gentles admitted the lockdown did not start until February 23, 2022—two days after his amended pleadings were due.