In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00221-CV
_____

JERRY L. BANGMON, Appellant

V.

LATONIA JONES AND RODNEY SIMON, Appellees

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-203,523

MEMORANDUM OPINION

Jerry L. Bangmon (Bangmon or Appellant) appeals the trial court's judgment granting Latonia Jones (Jones) and Rodney Simon's (Simon) (collectively Defendants or Appellees) plea to the jurisdiction and dismissing Bangmon's claims with prejudice. Finding no error, we affirm.

Background

Bangmon filed a pro se original petition entitled "Derivative Tort Claim" against Defendants Jones and Simon. Bangmon, an inmate serving a sentence at the

1

Stiles Prison Unit, alleged that Jones and Simon, who were Law Librarians at the Stiles Prison Unit, denied Bangmon access to the restroom. According to Bangmon, the Defendants, in the course and scope of their employment, committed criminal offenses under the Texas Penal Code because they denied him access to the restroom during the time when prison officials were conducting a "headcount." He argues the Defendants' actions were intentional torts against him based on the Defendants' alleged criminal actions. His petition asserted that the Defendants' actions were an intentional denial of his rights and violations of laws relating to the Defendants' employment that constituted the following criminal offenses: Official Oppression under Penal Code Chapter 39.03, Violations of the Civil Rights of Person in Custody under Penal Code Chapter 39.04, Abuse of Official Capacity under Penal Code Chapter 39.01, and Criminal Conspiracy under Penal Code Chapter 15.02. Bangmon asserts these alleged criminal offenses are predicated on violations of the Civil Rights of Institutionalized Person Act, Americans with Disabilities Act, Rehabilitation Act, and various civil rights. According to Bangmon, the alleged criminal offenses resulted in the denial of his rights under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Bangmon's petition seeks compensatory damages and criminal charges against the Defendants.

Jones and Simon filed their Plea to the Jurisdiction, asking the trial court to dismiss all claims against them for lack of jurisdiction. According to Jones and

Simon, the trial court lacks jurisdiction because Bangmon's tort claims are barred by sovereign immunity because his petition asserts that the Defendants at the time of the alleged acts were working within their official duties while employed by the Texas Department of Criminal Justice, and Bangmon's alleged tort claims do not fall within the limited statutory waiver of sovereign immunity found exclusively in the Texas Tort Claims Act. Jones and Simon also argue that the trial court lacks jurisdiction over Bangmon's alleged criminal violations because the Penal Code does not confer a private right of action.

The trial court granted the Defendants' Plea to the Jurisdiction and dismissed Bangmon's claims against the Defendants with prejudice. Bangmon filed this appeal.

Issues on Appeal

In his pro se brief, Bangmon raises two issues on appeal. His "Statement of Issues Presented for Review" are as follows:

1.  Whether the court in granting dismissal with prejudice after Plaintiff had requested for the court to take out all Penal Codes and proceed with the claim on the Americans with Disabilities Act, [] Rehabilitation Act, and violations of civil rights. Judgment improperly disputed factual issues.
2.  Whether the Plaintiff's factual allegations of deprivation[]s of restroom use by prison staff raised a material issue under the Eighth and Fourteenth Amendment[s] for depriving Plaintiff to dispose of his bodily fluids, and or wastes.

He also then states that he is presenting the following "points of error:"

3

Point of Error 1.

The district court err[]ed by failing to take out all Penal Codes used or cited in the claim, as Plaintiff had requested in his motion to amend, to give the court jurisdiction over the constitutional claims, since the court lacks jurisdiction over criminal violations because Penal Codes does not confer a private right of action.

Point of Error 2.

The court err[]ed by dismissing Plaintiff[']s claim and not allowing the claim to proceed on the merits and constitutional violations of civil rights and equal protection.

Point of Error 3.

The court err[]ed by overlooking Plaintiff[']s exhibit[]s and medical record[]s submitted as to blood in urine from said deprivation. Plaintiff may seek damages compensatory under the Americans with Disabilities Act (ADA) for emotional distress and humiliation.

Point of Error 4.

A complaint should not be dismissed unless the Plaintiff can prove no set of facts, has failed to demonstrate facts, that if proven would entitle him to relief. No state shall deprive any person of life, liberty, or property without due course of law.

Point of Error 5.

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Standard of Review

Whether a court has subject matter jurisdiction is a question of law. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). We review the trial court's ruling on the plea to the jurisdiction de novo. *See Farmers Tex. Cty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020) (citing *Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010)). We must determine whether Bangmon's petition alleged facts affirmatively demonstrating the trial court's jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Giddens*, 92 S.W.3d at 880-81.

Analysis

Bangmon asserted in his petition a claim he entitled "Derivative Tort Claim"[1] and he stated that the Defendants acted "in their own individual capacity under the

---

[1] We assume all common-law tort theories alleged against a governmental unit or its employees fall under the TTCA for purposes of section 101.106. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)).

color of state and federal laws" but elsewhere he also stated that the Defendants were acting as public servants in the course of their employment. Reading Bangmon's petition liberally, it appears he sued the Defendants in their official and individual capacities. *See Giddens*, 92 S.W.3d at 880. "[P]ublic employees [] have always been individually liable for their own torts, even when committed in the course of employment, and suit may be brought against a government employee in his individual capacity." *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011) (citations omitted). However, under section 101.106 of the Texas Tort Claims Act (TTCA),

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f).

We conclude that Bangmon's tort claims are governed by section 101.106(f). First, Appellees are both employees of TDCJ-CID, a state agency. Second, the TTCA defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in

completing the task." *Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). In our review of the pleadings, we must ascertain the true nature of Bangmon's claims. *See State v. Lain*, 349 S.W.2d 579, 582 (Tex. 1961) (court should not exalt form over substance when considering capacity in which an officer is sued). Bangmon's allegations relate to tasks lawfully assigned to Appellees – regulating inmates' activities in the library during "count time," when the inmates are not allowed to change locations in order to be counted in a particular location. Accordingly, it is clear from the record that Appellees were acting within the scope of their employment. *See Lopez*, 414 S.W.3d at 894. Third, "if a state employee is alleged to have committed negligence or other 'wrongful conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency[,]" and this applies to both intentional and unintentional torts. *See id.* at 895. Therefore, Bangmon's tort claims are subject to section 101.106(f), and his tort claims are against Appellees in their official, not individual capacity. *See id.*

Under Texas Law, a suit against a government employee in his official capacity is a suit against his government employer. *Franka*, 332 S.W.3d at 382. "[A]n employee sued in his official capacity has the same governmental [or sovereign] immunity, derivatively, as his government employer." *Id.* at 382-83. TDCJ-CID, a state agency, enjoys sovereign immunity from suit unless the

legislature expressly waives that immunity. *See Tex. Office of Comptroller of Pub. Accounts v. Saito*, 372 S.W.3d 311, 314 (Tex. App.—Dallas 2012, pet. denied).

The TTCA provides a limited waiver of immunity for certain suits against governmental entities. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see* Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a) (providing wavier of immunity from suit "to the extent of liability created by this chapter[]"). The TTCA waives immunity from liability in three general areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000) (quoting *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976)); Tex. Civ. Prac. & Rem. Code Ann. § 101.021. However, Bangmon alleged that the Defendants' actions were intentional torts, and the TTCA does not waive immunity for intentional torts. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort[.]"); *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001). Bangmon's petition, therefore, affirmatively negates any allegation of waiver of immunity for the Defendants' performance of their employment responsibilities and shows the trial court lacks subject matter jurisdiction.

8

In Bangmon's petition, he also alleges the Defendants committed certain criminal offenses[2] and each of his constitutional claims are premised on those alleged criminal acts. We agree with the Defendants that the Texas Penal Code does not create private causes of action. *Burke Ctr. for MHMR v. Carr*, No. 09-04-138-CV, 2004 Tex. App. LEXIS 11499, at *11 (Tex. App.—Beaumont Dec. 22, 2004, pet. denied) (mem. op.) (citing *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.)). Bangmon admits in his appellate brief that "the [trial] court lack[ed] jurisdiction over criminal violations because Penal Codes do[] not confer a private right of action." Therefore, the allegations in Bangmon's petition affirmatively negate the existence of jurisdiction, and the trial court properly dismissed Bangmon's claims with prejudice. *See Miranda*, 133 S.W.3d at 227 ("If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff[] an opportunity to amend."); *see also Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We overrule Bangmon's issues and affirm the trial court's judgment.

---

[2] We note that although Bangmon argues that based on his "motion to amend," the trial court erred in not removing Bangmon's references to the Penal Code in his original petition at his request in order to give the court jurisdiction, Bangmon failed to follow Rule 64 of the Texas Rules of Civil Procedure for amending his petition. *See* Tex. R. Civ. P. 64 (requiring the party amending a pleading to point out the instrument amended and amend by filing a substitute instrument that is entire and complete in itself); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) (pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure).

AFFIRMED.

                                      _____
                                            LEANNE JOHNSON
                                                Justice

Submitted on March 1, 2023
Opinion Delivered June 29, 2023

Before Golemon, C.J., Johnson and Wright, JJ.