**Opinion issued December 7, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00663-CV

————————————

**JASON DAVID SHEEDY, Appellant**

**V.**

**BRUCE FREDERICK AND CYNTHIA TILLEY, Appellees**

On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Case No. 20-DCV-277933

## MEMORANDUM OPINION

Appellant Jason David Sheedy, an inmate in the Texas Department of Criminal Justice, appeals from the trial court's order granting appellees Bruce Frederick and Cynthia Tilley's amended motion to dismiss Sheedy's claims against

them under Chapter 14 of the Texas Civil Practice and Remedies Code.[1] In five issues, Sheedy contends that the trial court erred in (1) failing to enter findings of fact and conclusions of law, (2) dismissing his suit for mandamus relief, (3) dismissing his common law conversion claim, (4) dismissing his suit under Texas Civil Practice and Remedies Code Chapter 14, and (5) construing his conversion claim under the Texas Tort Claims Act (TTCA). We affirm.

## Background

Sheedy is an inmate in the Jester III Unit of the Texas Department of Criminal Justice (TDCJ). Tilley and Frederick were the Warden and Assistant Warden of the Jester III Unit, respectively, during the relevant time period.

On October 23, 2020, Sheedy sued Frederick and Tilley alleging that they acquired possession of his personal craft shop property, exercised dominion and control over his property by closing the Jester III Unit's craft shop, and refused to return the property to him. Sheedy amended his petition to assert claims for conversion and retaliation. In his first amended petition, Sheedy alleged that appellees wrongfully converted his personal property and retaliated against him for

---

[1] Sheedy sued other unnamed defendants who are not parties to this appeal.

availing himself of the grievance process. Sheedy sought actual and exemplary damages and injunctive relief.[2]

Frederick moved to dismiss Sheedy's claims against him under Chapter 14 of the Texas Civil Practice and Remedies Code on procedural and substantive grounds. *See* TEX. CIV. PRAC. & REM. CODE §§ 14.001–.014 (Inmate Litigation). Tilley and Frederick later filed an amended motion to dismiss. They argued that Sheedy failed to comply with Chapter 14's procedural requirements by (1) filing a false declaration of inability to pay, (2) omitting relevant actions related to his previous filings from his affidavit, and (3) failing to properly grieve his claims. They argued that Sheedy's claims also failed on substantive grounds because (1) appellees could not provide the injunctive relief Sheedy sought, (2) Sheedy's retaliation and conversion claims had no arguable basis in law, (3) an adequate post-deprivation remedy existed for his conversion claim, (4) appellees lacked personal involvement regarding his retaliation claim, and (5) appellees were protected from Sheedy's suit by sovereign, official, and qualified immunity.

Sheedy filed a second amended petition changing his claim against appellees from conversion to theft/appropriation of property. He alleged that (1) his craft shop

---

[2] On June 14, 2021, Sheedy filed a letter with the trial court notifying the court that he would seek "an issue of mandamus" because the trial court had not taken any action on his suit to date.

property was inventoried in 2016 after the Jester III Unit craft shop closed; (2) Tilley, as the duty warden, arranged for Sheedy's craft shop property totaling fourteen boxes to be picked up in October 2019, but it was never picked up and remained under appellees' management and control; (3) in response to Sheedy's grievance about his property in 2020, Frederick responded that the craft shop property belonging to inmates and the TDCJ was being inventoried, and Sheedy's property would be returned to him once the inventory was complete; and (4) when Sheedy went to retrieve his property in October 2020, another corrections officer showed him only four boxes. As in his first petition, Sheedy alleged that appellees exercised dominion and control over his personal craft shop property, without permission, amounting to appropriation/theft for which he sustained injury.

The trial court conducted a hearing on appellees' amended motion to dismiss. At the conclusion of the hearing, the trial court orally announced that it would grant appellees' motion to dismiss Sheedy's claims against them. The trial court issued a written order granting appellees' motion and dismissing Sheedy's claims as frivolous on September 27, 2023.[3]

---

[3] Sheedy filed his notice of appeal on October 4, 2022, which was prior to the date the trial court signed its written order of dismissal. Sheedy's notice of appeal was therefore prematurely filed. However, Texas Rule of Appellate Procedure 27.1(a) provides that "[i]n a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R APP. P. 27.1(a). Sheedy's notice of appeal is therefore deemed

4

**Texas Civil Practice and Remedies Code Chapter 14**

Texas Civil Practice and Remedies Code Chapter 14 applies when, as here, an inmate files suit in a district court and files an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE § 14.002(a). Under this chapter, a trial court may dismiss an inmate's lawsuit for failing to comply with the chapter's procedural requirements, and it may also dismiss a lawsuit that is malicious or frivolous. *Id.* § 14.003(a); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

"In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact;[4] (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE § 14.003(b). A claim lacks an arguable basis in law if the claim is based on a meritless legal theory, or if the inmate failed to exhaust his administrative remedies. *Burleson v. Tex. Dep't of Crim. Just.*, No. 01-

---

to have been filed on September 27, 2023, after the trial court entered its order of dismissal.

[4] If no fact hearing is held, we are limited to reviewing whether the claim had an arguable basis in law. *Camacho v. Rosales*, 511 S.W.3d 82, 86 (Tex. App.—El Paso 2014, no pet.).

17-00565-CV, 2018 WL 5289140, at *3 (Tex. App.—Houston [1st Dist.] Oct. 25, 2018, no pet.) (mem. op.). A trial court may rely on Chapter 14, specifically section 14.003(b)(1), to dismiss an inmate's claim if the petition alleges facts showing that sovereign immunity would, in all likelihood, bar the inmate's claim. *Lopez v. Serna*, 414 S.W.3d 890, 895 (Tex. App.—San Antonio 2013, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 14.003). A dismissal with prejudice is appropriate if the trial court has determined an inmate's claim has no arguable basis in law. *Hosea v. Alamanza*, 659 S.W.3d 129, 134 (Tex. App.—El Paso 2022, no pet.) (citing *Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied)).

In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266; *Harrison v. Tex. Dep't of Crim. Just., Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). We ordinarily review a trial court's decision to dismiss a claim on the grounds of frivolousness for an abuse of discretion. *Thompson v. Tex. Dep't of Crim. Just.– Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). But when dismissal is based on there being no arguable basis in law for the asserted claim, we review that determination de novo. *Harrell v. Brinson*, No. 01-18-00031-

6

CV, 2019 WL 1284926, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2019, pet. denied) (mem. op.); *Scott*, 209 S.W.3d at 266. When a trial court dismisses an inmate's claims without specifying on which ground its judgment rests, we may affirm under any applicable legal theory. *Harrell*, 2019 WL 1284926, at *2; *Camacho v. Rosales*, 511 S.W.3d 82, 85–86 (Tex. App.—El Paso 2014, no pet.).

## Discussion

Sheedy raises five issues on appeal. He contends that the trial court erred in (1) failing or refusing to enter findings of fact and conclusions of law, (2) dismissing his suit for mandamus relief, (3) dismissing his common law conversion claim, (4) dismissing his claims under Texas Civil Practice and Remedies Code Chapter 14, and (5) construing his conversion claim as a claim under the TTCA.

### A. Findings of Fact and Conclusions of Law

Citing Texas Rule of Civil Procedure 296, Sheedy contends that, upon his request, the trial court was required to file findings of fact and conclusions of law. He argues that the trial court erred by failing or refusing to file findings and conclusions.

Rule 296 provides that in any non-jury case tried in a district or county court, a party may request that the trial court issue written findings of fact and conclusions of law provided that the request is filed within twenty days after the judgment is signed. *See* TEX. R. CIV. P. 296. Rule 297 provides that the court must issue its findings of fact and conclusions of law within twenty days after a timely request is filed. *See* TEX. R. CIV. P. 297.

However, the trial court has no duty to file findings of fact or conclusions of law where there has been no trial or evidentiary hearing. *Skinner v. Tex. Dep't of Crim. Just. Corr. Inst. Div.*, No. 12-12-00091-CV, 2013 WL 543452, at *3 (Tex. App.—Tyler Feb. 13, 2013, no pet.) (mem. op.); *Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 WL 597148, at *4 (Tex. App.—Tyler Feb. 16, 2011, no pet.) (mem. op.); *Kaminetzky v. Park Nat'l Bank of Hous.*, No. 01-03-01079-CV, 2005 WL 267665, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2005, no pet.) (mem. op.) ("Where no trial has occurred, the trial court is under no duty to file findings of fact and conclusions of law"); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no pet.). This rule has been applied to indigent pro se inmate suits under Chapter 14. *See Skinner*, 2013 WL 543452, at *3; *Addicks*, 2011 WL 597148, at *4; *Teague v. Livingston*, No. 01-10-00075-CV, 2010 WL 4056853, at *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op.) (recognizing "there is no 'duty on [a] trial court to file findings of fact or conclusions

of law where there has been no trial.'"). Here, the trial court dismissed Sheedy's suit without a trial and without holding an evidentiary hearing. Therefore, the court was not required to file findings of fact and conclusions of law. *See Teague*, 2010 WL 4056853, at *2. The trial court did not err in denying Sheedy's request for findings of fact and conclusions of law. We overrule Sheedy's first issue.

## B. Dismissal of Mandamus Petition

In his second issue, Sheedy contends that the trial court erred in dismissing his suit for mandamus relief.

At the conclusion of the hearing on appellees' amended motion to dismiss, the trial court stated, "I'm going to grant the State's motion here, and this thing is going to have to be refiled as some sort of mandamus." Earlier in the hearing, the trial court stated:

> Well, I'm going to grant the defendant's motion because it appears to me if there is a claim, it's got to be—you're going to have to mandamus the warden to make a decision first, and then appeal that through the grievance process.
>
> . . . .
>
> I mean, what you're describing here is clear a mandamus proceeding where you're going to have to refile this thing and get the warden to actually make a decision so you can then appeal.

Sheedy argues that "the trial court was never confronted with a mandamus request, nor did appellees argue for mandamus relief. . . . Instead, it appears the trial court declined to exercise a power of discretion vested to it by law when the

9

circumstances required that the power to be exercised, that is, ruling on the elements of appellant's case." Although not entirely clear, we understand Sheedy to complain that the trial court granted appellees' motion and dismissed his claims only because the court concluded that a mandamus proceeding was the proper vehicle, and that it did not dismiss his claims on a proper basis, i.e., because it found that he had failed to comply with Chapter 14's requirements or that his lawsuit was malicious or frivolous.

Sheedy's argument is unavailing. That the trial court suggested a mandamus action as an avenue Sheedy might pursue does not mean that it did not dismiss his claims after it concluded that he had failed to comply with Chapter 14's procedural requirements or that his suit was frivolous. Appellees argued both grounds for dismissal in their motion and at the hearing. In its September 27, 2023 order, the trial court stated that "after considering the pleadings and the arguments of the parties, it ordered Sheedy's claims **DISMISSED WITH PREJDUICE AS FRIVOLOUS** for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code." Because the trial court dismissed Sheedy's claims as provided by Chapter 14, we overrule his second issue. *See* TEX. CIV. PRAC. & REM. CODE § 14.003.

## C.     Dismissal of Sheedy's Claim

In his third through fifth issues, Sheedy contends that the trial court erred in dismissing his common law conversion claim, dismissing his claims under Texas

10

Civil Practice and Remedies Code Chapter 14, and construing his conversion claim as a claim under the TTCA. We address these related issues together.[5]

We initially note that although Sheedy's first amended petition asserted a conversion claim against appellees, Sheedy filed a second amended petition—the live pleading—changing his claim to one for appropriation/theft of property against appellees.[6] At the hearing on appellees' amended motion to dismiss, Sheedy argued that appellees were liable for their incompetence in allowing plaintiff's craft shop property to be stolen or appropriated. We note that the same allegations underlie both claims—appellees wrongfully exercised dominion and control over his personal property resulting in injury to him—and Sheedy frames his issue on appeal as a challenge to the trial court's dismissal of his conversion claim. Nonetheless, we analyze Sheedy's claim as pleaded, i.e., one for theft/appropriation of property.

---

[5]     Sheedy does not argue on appeal that the trial court erred in dismissing his retaliation claim against appellees and has therefore waived any error as to that issue. *See Hagberg v. City of Pasadena*, 224 S.W.3d 477, 480 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating failure to raise issue on appeal waives error on issue) (citing *Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001)); *see also San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 209–10 (Tex. 1990) (noting "well-established rule that grounds of error not asserted by points of error or argument in the court of appeals are waived").

[6]     The record reflects, and appellees acknowledge in their brief, that the trial court considered Sheedy's second amended petition at the hearing on appellees' amended motion to dismiss.

11

A plaintiff may sue a government employee in his or her individual capacity, official capacity, or both. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.7 (Tex. 2009). A suit against a government employee in his individual capacity seeks to impose personal liability on the individual. *Aguilar v. Frias*, 366 S.W.3d 271, 273 (Tex. App.—El Paso 2012, pet. denied); *City of San Angelo Fire Dep't v. Hudson*, 179 S.W.3d 695, 703 (Tex. App.—Austin 2005, no pet.). Conversely, an official capacity suit is essentially a suit against the governmental agency for which the person works rather than a suit against the individual. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007). If an employee is sued in his official capacity, that employee may raise any defense that would be available to his employer, including the defense of sovereign immunity. *See id.* at 843; *Newman v. Bryan*, No. 06-13-00063-CV, 2013 WL 5576369, at *3 (Tex. App.—Texarkana Oct. 9, 2013, no pet.) (mem. op.).

### 1.    Individual Capacity

Sheedy asserted a claim for theft/appropriation of property against appellees in their individual capacities, seeking to hold them personally liable for the loss of his property. Appellees argue, as they did in their motion to dismiss, that Sheedy's claim against them in their individual capacities is foreclosed by Section 101.106 of the TTCA.

Section 101.106(f) of the TTCA provides that when a suit is filed against a governmental employee that is based upon conduct within the general scope of the employee's employment and the same suit could have been brought against the governmental unit, the suit is held to be against the employee in his official capacity only. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(f). In other words, a suit is completely foreclosed against a government employee when sued in his individual capacity if he is acting within the scope of his employment. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In *Franka*, the Texas Supreme Court held that a case is considered against an employee within his official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the Tort Claims Act against the agency. *See id.* at 370.

As to the first *Franka* prong, Sheedy alleged in his pleadings that Tilley was Warden and Frederick was Assistant Warden at the Jester III Unit. It is also clear from the record that both appellees were employees of a governmental unit. *See Lopez*, 414 S.W.3d at 894; *Anderson v. Bessman*, 365 S.W.3d 119, 124 (Tex. App.— Houston [1st Dist.] 2011, no pet.).

As to the second *Franka* prong, the TTCA defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully

assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE § 101.001(5). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task." *Lopez*, 414 S.W.3d at 894. "The Restatement (Third) of Agency provides additional clarity by defining the term negatively: '[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.'" *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (quoting RESTATEMENT (THIRD) OF AGENCY § 7.07(2) (2006)).

In his petition, Sheedy alleged that appellees were the only personnel authorized to approve a person to pick up Sheedy's craft shop property, and that Tilley, as duty warden, approved pick-up of Sheedy's property. He further alleged that appellees informed him the craft shop property belonging to inmates and the TDCJ was being inventoried following closure of the craft shop, and that his property would be returned to him once the inventory was complete. Authorizing the pick-up of an inmate's property and taking inventory of property in the prison's custody to determine ownership of the property do not describe acts within an independent course of conduct not intended by the employee to serve any purpose of the employer. *See Lopez*, 414 S.W.3d at 894 (concluding record showed corrections officers were acting within scope of their employment where inmate admitted officer oversaw offender property confiscation and officer left form with

14

appellant citing reasons for confiscating his property). Thus, Sheedy's suit is based on conduct that is within the scope of appellees' employment.

The third *Franka* prong is also satisfied because a suit against a state employee that alleges wrongful conduct in the scope of employment could have been brought against the state agency. *See Lopez*, 414 S.W.3d at 895. Because Sheedy's theft claim is based on actions taken by appellees in the scope of their employment, it could have been brought against the TDCJ. *See Demar v. Garcia*, No. 13-19-00182-CV, 2020 WL 3396602, at *3 (Tex. App.—Corpus Christi–Edinburg June 18, 2020, no pet.) (mem. op.). Thus, Section 101.106(f) applies, and Sheedy's theft claim against appellees is in their official, not individual, capacities. *Id.*

### 2.    Official Capacity

Sovereign immunity and its counterpart, governmental immunity, protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The State of Texas, its agencies, and officers are immune from suit unless the State, through its legislature, consents to being sued. *Texas Nat'l Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853–54 (Tex. 2002); *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Because a suit against government employees in their official capacities is, in all respects, a suit against the governmental entity, employees sued in their official capacities are shielded by sovereign immunity or

governmental immunity. *See Franka*, 332 S.W.3d at 382–83 ("[A]n employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer.").

All common law torts, including intentional torts, that are asserted against a governmental unit are assumed to be under the TTCA. *See Garcia*, 253 S.W.3d at 658–59. While the TTCA waives sovereign immunity for certain tort claims brought against governmental units, this limited waiver of immunity does not apply to intentional torts. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.057; *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014); *see also Lopez*, 414 S.W.3d at 895 (noting sovereign immunity bars intentional tort suits against state employees while acting in their official capacities). Sheedy sued appellees for the intentional tort of theft. *See Gonzalez v. Myles*, No. 01-20-00664-CV, 2022 WL 2163023, at *3 (Tex. App.—Houston [1st Dist.] June 16, 2022, no pet.) (mem. op.) (noting inmate's theft and conversion claims against prison officials, if brought against TDCJ, would be barred by sovereign immunity because TTCA does not waive immunity for intentional torts); *Minix v. Charlton*, No. 13-17-00082-CV, 2018 WL 1027755, at *3 (Tex. App.—Corpus Christi–Edinburg Feb. 22, 2018, pet. denied) (mem. op.) (noting TTCA does not waive governmental immunity for intentional torts such as theft). Because the TTCA does not waive immunity for intentional torts, Sheedy's pleadings do not demonstrate a waiver of sovereign immunity for his claim against

16

appellees in their official capacities.[7] *See Zambrano v. Malone*, No. 13-17-00022-CV, 2018 WL 549198, at *2 (Tex. App.—Corpus Christi–Edinburg Jan. 25, 2018, no pet.) (mem. op.) (concluding TTCA's limited waiver of immunity did not apply to inmate's intentional tort claims of theft and conversion brought against corrections officer in her official capacity); *see also Hosea v. Dominguez*, 668 S.W.3d 704, 709–10 (Tex. App.—El Paso 2022, pet. denied) ("Sovereign immunity, however, bars intentional tort suits against state employees while acting in their official capacities.").

In summary, appellees were acting within the scope of their employment, meaning that any suit against them in their individual capacities is barred. *See Franka*, 332 S.W.3d at 381. Under section 101.106(f), because the appellees were sued in their official capacities, the proper defendant for the case is TDCJ, but Sheedy's theft claim against TDCJ would be barred by sovereign immunity. *See Lopez*, 414 S.W.3d at 896. Thus, Sheedy's claim against appellees lacks an arguable basis in law and the trial court did not err in dismissing his claim with prejudice. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(b). We overrule Sheedy's third through fifth issues.

---

[7] We note that the same analysis we apply to Sheedy's theft claim would apply equally to his previous conversion claim. *See Agnew v. Gonzales*, No. 11-19-00249-CV, 2021 WL 3414549, at *3 n.3 (Tex. App.—Eastland Aug. 5, 2021, no pet.) (mem. op.) (noting that same analysis court applied to conversion claim would apply to theft claim).

## Conclusion

We affirm the trial court's order.

Amparo Monique Guerra
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

18